1

2

3

4

5

6

7

8       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                   AT TACOMA

10   HOSHEA HOCKETT,

11                          Plaintiff,        CASE NO. 3:16-cv-05653 RSM JRC

12       v.                                   REPORT AND RECOMMENDATION
                                              ON PLAINTIFF'S COMPLAINT
13   NANCY A. BERRYHILL, Acting
                                              Noting Date: May 12, 2017
14   Commissioner of the Social Security
     Administration,

15                          Defendant.

16

17          This matter has been referred to United States Magistrate Judge J. Richard

18   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20   271-72 (1976). This matter has been fully briefed. *See* Dkt. 11, 15, 16.

21          Plaintiff spent most of his educational time in special education and never

22   graduated from high school. *See* AR. 377. Plaintiff suffered from various types of abuse

23   during his upbringing. *See* AR. 49-50, 416. Plaintiff's mental health impairments include

24

attention deficit hyperactivity disorder, anxiety, depression, bipolar disorder and personality disorder, as found by the ALJ. AR. 24.

One of plaintiff's examining doctors opined that plaintiff suffered from various marked limitations including marked deficits in concentration and persistence, and marked limitations on his ability to maintain regular attendance in the workplace and to complete a normal workday or workweek. Although the ALJ failed to credit fully the doctor's opinions with a finding that they were not supported by the doctor's examination, this finding by the ALJ is not based on substantial evidence in the record as a whole.

Because the ALJ's error is not harmless, the Court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

<u>BACKGROUND</u>

Plaintiff, HOSHEA HOCKETT, was born in 1975 and was 32 years old on the alleged date of disability onset of December 31, 2007. *See* AR. 193-202, 203-209. Plaintiff completed the ninth grade but has had no further education or training. AR. 41. He has history working in a cabinetmaking shop, a parts delivery driver, green chain puller for a lumber company and bagging mulch and wood chips in a garden store. AR. 41-45, 260-71.

According to the ALJ, plaintiff has at least the severe impairments of "Attention deficit hyperactivity disorder, anxiety, depression, bipolar disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 24.

At the time of the hearing, plaintiff was sleeping on the floor of his friend's dormitory-type room. AR. 40-41.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 60, 61, 84, 85. Plaintiff's requested hearing was held before Administrative Law Judge Sue Leise ("the ALJ") on June 19, 2014. *See* AR. 35-59. On January 30, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 19-34.

On May 20, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-7. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2016. *See* Dkt. 1, 3. Defendant filed the sealed administrative record regarding this matter ("AR.") on October 24, 2016. *See* Dkt. 9.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in affording little weight to the opinion of consultative examiner Dr. Kemp; (2) Whether the ALJ erred in affording little weight to Dr. Quinci's opinion; (3) whether the

ALJ improperly discounted plaintiff's testimony and allegations; and (4) Whether the ALJ's decision should be remanded for immediate calculation of benefits. *See* Dkt. 11, p. 2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)     Whether the ALJ erred in affording little weight to the opinion of consultative examiner Dr. Kemp.**

Plaintiff contends that the ALJ erred by only making an improper conclusory statement without any analysis of objective evidence when the ALJ rejected the medical opinions of Dr. Kemp based on "other objective medical evidence in the record." Dkt. 16, p. 2 (citing AR. 27). Defendant contends that there is no error as the ALJ's rejection of the medical opinions of marked limitations by Dr. Kemp is based on substantial evidence and constitutes a proper rejection.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.

1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Dr. Fred Kemp, Ph.D. examined plaintiff and conducted a mental status examination ("MSE") on September 22, 2012. AR. 368-69. Dr. Kemp noted that he reviewed some of plaintiff's records, including a psychiatric evaluation dated January 20, 2011 and an office visit dated April 19, 2011. AR. 367. During his MSE, Dr. Kemp noted that plaintiff "gave evidence of psychomotor agitation consistent with activity-deficit hyperactivity disorder," specifying that plaintiff's "legs bounced constantly throughout the interview." AR. 368. Dr. Kemp noted that plaintiff's mood and affect were congruent with his stated mood of being a little anxious and a little nervous. *Id*. Regarding memory tests, plaintiff's remote memory was intact; his recent memory was mildly impaired as he only could remember two of three words after a delay; but during testing of his immediate memory via a digit span test, plaintiff "was able to recall only four digits forward and two digits backward." AR. 369. He was unable to answer various questions testing his fund of knowledge. *See id*. Dr. Kemp also tested plaintiff's concentration, and noted the following:

> The claimant was asked to do serial sevens. He responded 'Ninety-three, a very long pause, eight five.' He was then given serial threes and he completed serial threes but made two errors in completing serial threes. He was able to complete a three-step command and he spelled the word 'world' correctly forward but was unable to spell 'world' correctly backward.

*Id.* When testing plaintiff's insight and judgment, Dr. Kemp noted that plaintiff indicated that he needed a mental health counselor but that he did not have one because he did not "have any insurance." *Id.*

Dr. Kemp opined that plaintiff's remote memory is intact while his recent memory is mildly impaired, but that plaintiff's "immediate memory is markedly impaired." AR. 370. Dr. Kemp also opined that plaintiff's ability to maintain sustained concentration and persistence "appears to be markedly impaired for this individual based on his inability to accomplish the brief concentration tasks in this interview." *Id.* Among other opinions, Dr. Kemp opined that plaintiff's "ability to maintain regular attendance in the workplace and to complete a normal workday or workweek appears to be markedly impaired due to his problems with concentration, fatigue and irritability, as well as his propensity to violence." *Id.*

The ALJ failed credit fully Dr. Kemp's opinions with a finding that "the marked impairments Dr. Kemp indicates are not supported by his examination, or other objective evidence in the record." AR. 27. The ALJ does not explain this finding, and does not specify what "other objective evidence in the record" she is relying on. Therefore, this reference to other objective evidence in the record does not constitute a specific rationale for failing to credit fully Dr. Kemp's opinions. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502) (the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record").

In addition, the ALJ's finding that Dr. Kemp's opinions regarding marked limitations are not supported by Dr. Kemp's examination is not based on substantial evidence in the record as a whole. For example, Dr. Kemp provided differing opinions regarding plaintiff's limitations with respect to memory based on the specific type of memory, and these distinctions are supported by the objective evidence provided during Dr. Kemp's examination. As noted, plaintiff's recent memory as mildly impaired was based on Dr. Kemp's observation that during examination, plaintiff only could remember two of three words after a delay; while Dr. Kemp's opinion regarding marked limitations with respect to immediate memory is based on testing of plaintiff's immediate memory via a digit span test, in which plaintiff "was able to recall only four digits forward and two digits backward." AR. 369. These differing results during mental status examination testing of different aspects of plaintiff's memory constitute examination results that support Dr. Kemp's opinion regarding marked limitations with respect to immediate memory. Therefore, the ALJ's finding that Dr. Kemp's opinions regarding marked limitations are not supported by his examination is not based on substantial evidence in the record as a whole.

Similarly, Dr. Kemp specifically indicated that his opinion regarding plaintiff's marked limitation in his ability to maintain sustained concentration and persistence was "based on his inability to accomplish the brief concentration tasks in this interview." AR. 370. The Court already has described the deficiencies noted by Dr. Kemp in plaintiff's testing results regarding concentration in a long paragraph above, including reference to serial threes, serial sevens, and the spelling of 'world' backwards, *see supra*. Again, the

ALJ's finding that Dr. Kemp's opinions regarding marked limitations are not supported by his examination is directly contrary to the record.

These reasons just discussed are the only reasons offered by the ALJ for her failure to credit fully the medical opinions of Dr. Kemp. Defendant offers additional rationale that the ALJ could have considered, but there is no evidence that these potential reasons were in the mind of the ALJ. According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

Based on the reasons just discussed and the record as a whole, the Court concludes that the ALJ failed to offer specific and legitimate reasons based on substantial evidence in the record as a whole for her failure to credit fully the medical opinions of Dr. Kemp. The Court also concludes that the error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the

ultimate nondisability determination' and that 'a reviewing court cannot consider [an]

error harmless unless it can confidently conclude that no reasonable ALJ, when fully

crediting the testimony, could have reached a different disability determination.'" *Marsh*

*v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-

56). In *Marsh*, even though "the district court gave persuasive reasons to determine

harmlessness," the Ninth Circuit reversed and remanded for further administrative

proceedings, noting that "the decision on disability rests with the ALJ and the

Commissioner of the Social Security Administration in the first instance, not with a

district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, Dr. Kemp provided his opinion that plaintiff suffered from various marked

limitations, such as plaintiff's immediate memory abilities; his ability to maintain

sustained concentration and persistence; and his "ability to maintain regular attendance in

the workplace and to complete a normal workday or workweek." AR. 370. Having

marked limitations in these very essential aspects of job performance likely would render

plaintiff disabled. Therefore, Court cannot conclude with confidence that no reasonable

ALJ, when fully crediting [these opinions], could have reached a different disability

determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore,

the error is not harmless.

Plaintiff also requests that this matter be reversed and remanded with a direction to

award benefits. Generally, when the Social Security Administration does not determine a

claimant's application properly, "'the proper course, except in rare circumstances, is to

remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*,

379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). This, the Court already has done. Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

Plaintiff contends that Dr. Kemp's opinions regarding marked limitations means that plaintiff "is unable to maintain attendance in the workplace, and to complete a normal workday or workweek." *See* Dkt. 16, p. 6. However, the vocational impact of these marked limitations is not clear. Marked limitations generally refers to "very significant" limitations in the ability to perform the particular basic work activities. *See* AR. 379. It is a finding of "severe" limitations that "means inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." *Id*. The extent to which marked limitations in these areas degrades plaintiff's ability to perform competitive work is a factual determination that is most amenable to

determination by the Administration in the first instance. The determination of whether a marked limitation in the ability to maintain regular attendance and complete a normal workday or workweek renders one with plaintiff's education and background unable to engage in competitive employment is within the expertise of a vocational expert ("VE"). The VE's testimony at plaintiff's administrative hearing does not appear to include any opinion regarding the potential effect of marked limitations in these various areas. *See* AR. 55-58. Therefore, the Court concludes that further administrative proceedings would be useful as plaintiff's entitlement to benefits is not clear. *See Treichler*, 775 F.3d at 1103-04.

Plaintiff also contends that Dr. Kemp's opinion mandates disability because plaintiff's impairments meet the "B criteria" of Listings 12.04 and 12.06, and the Court has concluded that objective examination results substantiate Dr. Kemp's opinion regarding marked limitations with respect to concentration and persistence. However, Dr. Kemp's opinion regarding marked social limitations requires further evaluation as the record is far from being free from conflicts on this issue. The Court notes that Dr. Quinci opined that plaintiff suffered only from mild limitation, if any limitation at all, in his ability to ask simple questions or request assistance; and also opined that plaintiff suffered only from moderate limitations in his ability to communicate and perform effectively in a work setting and to maintain appropriate behavior. *See* AR. 379; *see also* AR. 368 ("Rapport was easily obtained; the claimant was pleasant and cooperative throughout the interview; facial expressions and eye contact were within normal limits, and there was no evidence of malingering or factitious behavior"). *See Treichler*, 775

F.3d at 1103-04 (citations omitted) (a matter should not be reversed with a direction to award benefits unless the record as a whole is free from conflicts, all factual issues have been resolved, and the claimant's entitlement to benefits is clearly established).

**(2)     Whether the ALJ erred in affording little weight to Dr. Quinci's opinion.**

The Court already has concluded that the ALJ erred when evaluating the medical evidence and that this matter should be reversed and remanded for further administrative proceedings, *see supra*, section 1. The Court also notes that the ALJ provided very similar rationale for failing to credit fully Dr. Quinci's opinion as utilized for the failure to credit fully Dr. Kemp's opinion, which the Court has concluded that is insufficient, *see supra*, section 1. *See* AR. 28 ("because the marked impairments indicated are not supported by explanation, or the objective medical evidence in the record, [the ALJ] gives this part of the examiner's opinion little weight"). For these reasons, and based on the record as a whole, the Court concludes that the ALJ following remand of this matter also should reevaluate the medical opinion of Dr. Quinci.

**(3)     Whether the ALJ improperly discounted plaintiff's testimony and allegations.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

CONCLUSION

Dr. Kemp's examination results support his opinions regarding marked limitations with respect to memory, as well as with respect to concentration and persistence, despite the ALJ's finding to the contrary.

For this reason, the stated reasons herein, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 12, 2017**, as noted in the caption.

Dated this 14th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge